1806.

Keefer
vs
Young

</div>

---

KEEFER *vs.* YOUNG.

<div style="text-align:right">DECEMBER.</div>

APPEAL from *Frederick* county court. An action of *dower* was brought by the present appellant, who was the wife of *Bartle Keefer*, deceased, "for the third part of 50 acres of land, with the appurtenances, lying and being in *Frederick* county, consisting of part of a tract of land called *Ohio*, and part of a tract of land called *Wertimburgh*, which she claims as her dower of the endowment of the said *Bartle Keefer*, her late husband," &c. The defendant pleaded, 1st. That *Bartle Keefer* was not seized, &c. And 2d.

<div style="text-align:right">

Parol evidence admitted to prove that the land granted to the husband of a demandant, is the same land of which dower is demanded

In an action of dower it is not necessary to lay any damages in the declaration, *(note)*

A demurrer to the declaration being overruled, judgment was entered for dower and costs, *(note)*

</div>

That he was alive at the time of the impetration of the writ. Issue was joined to the first plea; and replication that *Bartle Keefer* was not alive at the time, &c. as to the other plea, and issue joined.

1. The demandant, at the trial, to prove that *Bartle Keefer* was seized of the tract of land called *Wertimburgh,* offered in evidence a patent of a tract of land called *Wertinburgh,* granted to *Bartel Keefer* on the 17th of July 1765; and proved that the patentee of *Wertinburgh,* entered upon the land, and was seized thereof, as the law requires. She then offered a patent for a tract of land called *Whiterback,* granted to *George Haiman* on the 13th of November 1759, for 27 acres; and that the patentee entered upon the land, and was seized thereof as the law requires. Also a deed from *George Herman,* the patentee of *Whiterback,* to *Bartel Ceefer,* dated the 20th of August 1765. And that the grantee entered upon the land in the deed mentioned, and was seized thereof as the law requires. And she offered to prove that the grantee, in the deed last mentioned, and the patentee in the patent of *Wertinburgh,* was the same, and not divers or different persons; and that the land called *Wertinburgh* in the patent, and the land called *Wertimburgh* in the declaration mentioned, is the same land, and not divers; and that *George Haiman,* the patentee of the tract of land called *Wertinburgh,* and the grantee in the deed before referred to, is the same person, and not divers. She also proved that *Bartle Keefer* was seized in his demesne as of fee of the said tract of land called *Wertinburgh,* and that he died seized thereof in the year 1777, and before the impetration of the original writ in this cause. She also proved that she was the wife of *Bartle Keefer,* lawfully accoupled in holy matrimony. She then offered parol evidence to prove, that the tenant in this action holds the land called *Wertimburgh,* and the part of *Ohio,* conveyed as aforesaid to *Bartle Keefer,* claiming the same under the heirs of *Bartle Keefer.* The defendant then prayed the opinion of the court, and their direction to the jury, that the evidence on the part of the demandant did not support the declaration, and that the demandant could not recover under the same. Of which opinion the county court, [*Clagett,* Ch. J. and *Shriver,* A. J.] were, and so directed the jury. The demandant excepted.

2. The demandant then prayed the opinion of the court, that on the issues joined in this cause, she hath shown good title to recover her dower of the tract of land called *Wertimburgh*, in the declaration named; which opinion the county court refused to give. The demandant excepted; and the verdicts and judgment being for the defendant, she appealed to this court.

*Shaaff* and *Brooke*, for the appellant, cited 2 *Inst.* 286. 10 *Coke*, 117, *Pilford's* case.

*Taney* and *F. S. Key*, for the appellee.

THE COURT OF APPEALS *reversed* the judgment of the County Court, disagreeing with that court in the opinions expressed in both of the bills of exception.

PROCEDENDO AWARDED(*a*).

(*a*) Neither in this case, nor in that of *Keefer vs. Marker*, were any damages laid in the declaration. The case of *Keefer vs. Marker* was also an *appeal* from Frederick county court, in an action of *dower*. To the declaration there was a *general demurrer*, and joinder in demurrer, and the county court ruled the demurrer good, and gave judgment for the defendant; from which judgment the demandant appealed to this court. And at this term the court of appeals *reversed* the judgment, and entered a judgment for the demandant for dower and costs.